# ADJUSTABLE RATE NOTE
(12-Month Treasury Average Index)
(Payment and Rate Caps)

THIS NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE MONTHLY PAYMENT. THERE MAY BE A LIMIT ON THE AMOUNT THAT THE MONTHLY PAYMENT CAN INCREASE OR DECREASE. THE PRINCIPAL AMOUNT TO REPAY COULD BE GREATER THAN THE AMOUNT ORIGINALLY BORROWED, BUT NOT MORE THAN THE LIMIT STATED IN THIS NOTE.

| May 23, 2006 | ORANGE | CA |
|---|---|---|
| [Date] | [City] | [State] |

1110- 1110 1/2 SOUTH FRESNO STREET, Los Angeles, CA 90023

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 468,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
**Downey Savings and Loan Association, F.A.**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

### (A) Interest Rate

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. Until the first day of the calendar month that immediately precedes the first payment date set forth in Section 3(A) below, I will pay interest at a yearly rate of 7.768 %. Thereafter, until the first Interest Change Date (as defined in Section 2(B) below), I will pay interest at a yearly rate of 1.750 %. The interest rate I will pay may change.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### (B) Interest Change Dates

The interest rate I will pay may change on the first day of July , 2006 , and on that day every month thereafter. Each date on which my interest rate could change is called an "Interest Change Date." The new rate of interest will become effective on each Interest Change Date.

### (C) Interest Rate Limit

My interest rate will never be greater than 10.950 %.

### (D) Index

Beginning with the first Interest Change Date, my interest rate will be based on an Index. The "Index" is the Twelve-Month Average, determined as set forth below, of the monthly yields ("Monthly Yields") on actively traded United States Treasury Securities adjusted to a constant maturity of one year as published by the Federal Reserve Board in the Federal Reserve Statistical Release entitled "Selected Interest Rates (H.15)." The Twelve-Month Average is determined by adding together the Monthly Yields for the most recent twelve months and dividing by 12.

The most recent Index figure available as of 15 days before each Interest Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

### (E) Calculation of Interest Rate Changes

Before each Interest Change Date, the Note Holder will calculate my new interest rate by adding **three and five-eighths** percentage point(s) (3.625 %) to the Current Index. Subject to the limit stated in Section 2(C) above, the result of this addition will be my new interest rate until the next Interest Change Date.

9042296103



MULTI STATE ADJUSTABLE RATE NOTE - MTA Index - Single Family
1141N1.UFF (07/22/04) CR20711 RG        Page 1 of 4        Initials /Hm MM        1/01

EXHIBIT 1

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay Principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on    July 1 2006    . I will make these payments every month until I have paid all the Principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before Principal. If, on    June 1, 2046   , I still owe amounts under this Note, I will pay these amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **P.O. Box 6060, 3501 Jamboree Rd, Newport Beach, CA 92658-6060**
or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be U.S. $    **1,356.43**    . This amount may change.

### (C) Monthly Payment Changes

My monthly payment may change as required by Section 3(D) below beginning on the first day of    July 2007   , and on that day every 12th month thereafter. Each of these dates is called a "Payment Change Date." My monthly payment also will change at any time Section 3(F) or 3(G) below requires me to pay a different monthly payment.

I will pay the amount of my new monthly payment each month beginning on each Payment Change Date or as provided in Section 3(F) or 3(G) below.

### (D) Calculation of Monthly Payment Changes

Before each Payment Change Date, the Note Holder will calculate the amount of the monthly payment that would be sufficient to repay the unpaid Principal that I am expected to owe at the Payment Change Date in full on the Maturity Date in substantially equal installments at the interest rate effective during the month preceding the Payment Change Date. The result of this calculation is called the "Full Payment." Unless Section 3(F) or 3(G) below requires me to pay a different amount, my new monthly payment will be in the amount of the Full Payment, except that my new monthly payment will be limited to an amount that will not be more than 7.5% greater or less than the amount of my last monthly payment due before the Payment Change Date.

### (E) Additions to My Unpaid Principal

My monthly payment could be less than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid Principal I owe at the monthly payment date in full on the Maturity Date in substantially equal payments. If so, each month that my monthly payment is less than the interest portion, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and will add the difference to my unpaid Principal. The Note Holder also will add interest on the amount of this difference to my unpaid Principal each month. The interest rate on the interest added to Principal will be the rate required by Section 2 above.

### (F) Limit on My Unpaid Principal; Increased Monthly Payment

My unpaid Principal can never exceed a maximum amount equal to one hundred fifteen percent (    115    %) of the Principal amount I originally borrowed. My unpaid Principal could exceed that maximum due to the limited payments and interest rate increases. If so, on the date that my paying my monthly payment would cause me to exceed that limit, I will instead pay a new monthly payment. The new monthly payment will be in an amount that would be sufficient to repay my then unpaid Principal in full on the Maturity Date at my current interest rate in substantially equal payments.

### (G) Required Full Payment

On the 5th Payment Change Date and on each succeeding 5th Payment Change Date thereafter, I will begin paying the Full Payment as my monthly payment until my monthly payment changes again. I also will begin paying the Full Payment as my monthly payment on the final Payment Change Date.

## 4. NOTICE OF CHANGES

The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

9042296103

### 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

### 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 7. BORROWER'S FAILURE TO PAY AS REQUIRED

#### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    Fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000    % of my overdue payment of Principal and interest. I will pay this late charge promptly but only once on each late payment.

#### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

#### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

#### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

#### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses include, for example, reasonable attorneys' fees.

### 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all the amounts owed under this Note.

9042296103

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
HOWARD MONTES DE OCA         -Borrower

_____ (Seal)
MARIA MONTES DE OCA          -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

[Sign Original Only]

9042296103

RECORDING REQUESTED BY
TICOR TITLE COMPANY
FULLERTON BRANCH
Recording Requested By:
Downey Savings and Loan
Association, F.A.
Return To:
Downey Savings and Loan
Association, F.A.
P.O. Box 6060, 3501 Jamboree
Rd, Newport Beach, CA
92658-6060

Prepared By:
Downey Savings and Loan
Association, F.A.
P.O. Box 6060, 3501 Jamboree Rd,
Newport Beach, CA  92658-6060

2

06  1188281

———————————— [Space Above This Line For Recording Data] ————————————

# DEED OF TRUST

Title Order No.: 185892-17
Escrow No.: 15302-JV
APN: 5140-004-014

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated May 23, 2006 together with all Riders to this document.
(B) "Borrower" is HOWARD MONTES DE OCA and MARIA MONTES DE OCA, Husband and Wife

Borrower's address is 1110 1/2 SOUTH FRESNO STREET, Los Angeles CA 90023
. Borrower is the trustor under this Security Instrument.
(C) "Lender" is Downey Savings and Loan Association, F.A.

Lender is a federally chartered savings association
organized and existing under the laws of the United States of America

9042296103

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT              Form 3005 1/01
VMP®-6(CA) (0207)
Page 1 of 15            Initials: HM MM
VMP MORTGAGE FORMS - (800)521-7291



EXHIBIT 2

3

Lender's address is 3501 Jamboree Road, Newport Beach, CA 92660

Lender is the beneficiary under this Security Instrument.
(D) "Trustee" is DSL Service Company, A California Corporation

(E) "Note" means the promissory note signed by Borrower and dated May 23, 2006
The Note states that Borrower owes Lender four hundred sixty-eight thousand and 00/100
                                                                                                    Dollars
(U.S. $ 468,000.00      ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than June 1, 2046.
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

[X] Adjustable Rate Rider    [ ] Condominium Rider         [ ] Second Home Rider
[ ] Balloon Rider            [ ] Planned Unit Development Rider  [X] 1-4 Family Rider
[ ] VA Rider                 [ ] Biweekly Payment Rider    [X] Other(s) [specify]
                                                           **Rider to Promissory Note and Security Instrument**

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard

VMP®-6(CA) (0207)                        Page 2 of 15                      Initials: _HM_ _MM_      9042296103
                                                                                                    Form 3005  1/01

05/31/06

06  1188281

4

to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of Los Angeles :
[Type of Recording Jurisdiction]       [Name of Recording Jurisdiction]

LOT(S) 37 AND 39 IN BLOCK 7 OF THE PANORAMA TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 6, PAGE(S) 167 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Parcel ID Number:
1110- 1110 1/2 SOUTH FRESNO STREET     which currently has the address of
Los Angeles     [Street]
("Property Address"):     [City], California 90023     [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S.

9042296103
VMP -6(CA) (0207)     Page 3 of 15     Initials: HM MU     Form 3005 1/01

06  1188281

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____        _____ (Seal)
                                 HOWARD MONTES DE OCA   -Borrower

_____        _____ (Seal)
                                 MARIA MONTES DE OCA    -Borrower

_____ (Seal)        _____ (Seal)
               -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
               -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
               -Borrower                                -Borrower

                                                    9042296103
VMP®-6(CA) (0207)     Page 14 of 15                 Form 3005  1/01

06 1188281

16

State of California
County of Los Angeles  } ss.
On May 24, 2006 before me, Brunya Duray Chamberlain, Notary Public personally appeared
HOWARD MONTES DE OCA & MARIA MONTES DE OCA

, ~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) ~~is~~/are subscribed to the within instrument and acknowledged to me that ~~he/she~~/they executed the same in ~~his/her~~/their authorized capacity(ies), and that by ~~his/her~~/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

[Seal: BRUNYA DURAY CHAMBERLAIN, Commission # 1375824, Notary Public - California, Los Angeles County, My Comm. Expires Sep 21, 2006]

_____ (Seal)

VMP -6(CA) (0207)     Page 15 of 15     Initials: HM MM     9042296103
Form 3005  1/01

05/31/06

06 1188281

This page is part of your document - DO NOT DISCARD

**20090077975**




Pages: 0002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**01/21/09 AT 08:00AM**

| | |
|---|---:|
| FEES: | 11.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 11.00 |

## TITLE(S): ASSIGNMENT TRUST DEED





LEADSHEET

200901210160012



001185191

SEQ:
24

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**




EXHIBIT 3

OLS 70246855

WHEN RECORDED MAIL TO:
Downey Savings & Loan Assoc.
3501 Jamboree Rd
Newport Beach, CA 92660


01/21/2009
*20090077975*

2

Downey loan #: 9042296103
Commitment #:

## Corporation Assignment of Deed of Trust

58236

5373575

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to
Deutsche Bank National Trust Company as Trustee for Downey 2006-AR2

All beneficial interest under that certain Deed of Trust dated 5/23/2006 , executed by

**HOWARD MONTES DE OCA AND MARIA MONTES DE OCA HUSBAND AND WIFE**

Trustor, to DSL SERVICE COMPANY, A CALIFORNIA CORPORATION, Trustee, and recorded as Instrument No.
✱          On 5-31-06 in book         , page         , of Official
Records in the County Recorders office of **LOS ANGELES**          County, **CALIFORNIA**          describing
land therein as: ✱ 06 1188281

**AS DESCRIBED ON DEED OF TRUST REFERRED TO HEREIN.**

TOGETHER with the note or notes therein described or referred to, the money due and to become due
thereon with interest, and all rights accrued or to accrue under said Deed Of Trust.

DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.

_signature_

Brian Workman
Manager Record Retention

STATE OF CALIFORNIA
COUNTY OF ORANGE    SS

Capacity Claimed By Signer: Manager Record Retention

On 06/30/2006 before me, **I. BOGUCKI**, Notary Public, personally appeared **Brian Workman**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or entity upon behalf of which the person acted, executed the same. WITNESS MY hand and official seal.

_signature_
Signature of Notary
I. BOGUCKI, Notary Public
Commission #1615261    Expires: 10/21/2009

[Notary Seal]
I. BOGUCKI
Commission # 1618261
Notary Public — California
Orange County
My Comm. Expires Oct 21, 2009

corpasgn.ifd 11/27/98 jrw3259

24F

B6D (Official Form 6D) (12/07)

In re **Howard Montes De Oca and Maria Montes De Oca**, Case No. **LA09-36182-ER**
Debtor(s) (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: 6926<br>Creditor # : 1<br>Dell Financial Services<br>P.O. Box 6403<br>Carol Stream IL 60197 | | 07/2007<br>Purchase Money Security<br>Computer<br>To be Surrender<br><br>Value: $ 2,115.00 | | | | $ 2,115.00 | $ 0.00 |
| Account No: 5193<br>Creditor # : 2<br>Ford Motor Credit<br>P.O. Box 542000<br>Omaha NE 68154 | X | C 09/2006<br>Purchase Money Security<br>2006 Ford F-250<br>To Be Surrender<br><br>Value: $ 25,895.00 | | | | $ 25,895.00 | $ 0.00 |
| Account No: 0658<br>Creditor # : 3<br>GEMB/Jewelry Express<br>P.O. Box 960061<br>Orlando FL 32896 | | 02/2006<br>Purchase Money Security<br>Jewelry<br>To Be Surrender<br><br>Value: $ 1,100.00 | | | | $ 1,100.00 | $ 0.00 |

_1_ continuation sheets attached

Subtotal $ (Total of this page) **$ 29,110.00** | **$ 0.00**

Total $ (Use only on last page)

(Report also on Summary of Schedules.) (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

EXHIBIT 4

B6D (Official Form 6D) (12/07) - Cont.

In re  Howard Montes De Oca and Maria Montes De Oca , Case No. LA09-36182-ER
                              Debtor(s)                                    (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: 8216<br>Creditor # : 4<br>Mitsubishi Digital Electronics<br>P.O. Box 60107<br>City of Industry CA 91716 | | 02/2007<br>Purchase Money Security<br>52' Television<br>To Be Surrender<br>Value: $ 5,095.00 | | | | $ 5,095.00 | $ 0.00 |
| Account No: 6855<br>Creditor # : 5<br>Ocwen Loan Servicing LLC<br>P.O. 6440<br>Carol Stream IL 60197 | | 05/2006<br>Deed of Trust<br>Residence & one unit<br>To Be Surrender<br>Value: $ 360,327.00 | | | | $ 562,548.00 | $ 202,221.00 |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Secured Claims

| | Subtotal $ (Total of this page) | $ 567,643.00 | $ 202,221.00 |
|---|---|---|---|
| | Total $ (Use only on last page) | $ 596,753.00 | $ 202,221.00 |
| | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re *Howard Montes De Oca and Maria Montes De Oca*     Case No. *LA09-36182-ER*
                                                          Chapter 7

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION

**Part A -** Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

**Property No. 1**

| Creditor's Name: | Describe Property Securing Debt: |
|---|---|
| *Ford Motor Credit* <br> *P.O. Box 542000* <br> *Omaha, NE 68154* | *2006 Ford F-250* |

Property will be (check one):
☒ Surrendered   ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one):
☐ Claimed as exempt   ☒ Not claimed as exempt

**Property No. 2**

| Creditor's Name: | Describe Property Securing Debt: |
|---|---|
| *Ocwen Loan Servicing LLC* <br> *P.O. 6440* <br> *Carol Stream, IL 60197* | *Residence and one Unit* |

Property will be (check one):
☒ Surrendered   ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one):
☐ Claimed as exempt   ☒ Not claimed as exempt

EXHIBIT 5

Page 1 of 4